**TIMES PUBLISHING COMPANY,**
**Plaintiff,**

and

**Media General Operations, Inc.,**
**d/b/a The Tampa Tribune,**
**Intervenor/Plaintiff,**

v.

**UNITED STATES DEPARTMENT**
**OF COMMERCE, Defendant.**

**No. 8:99–CV–2100–T–26B.**

United States District Court,
M.D. Florida,
Tampa Division.

June 28, 2000.

Alison M. Steele, Rahdert, Anderson, McGowan & Steele, P.A., St. Petersburg, FL, for Times Publishing Co., plaintiff.

Gregg Darrow Thomas, Holland & Knight, LLP, Tampa, FL, for Media General Operations, Inc. dba Tampa Tribune, intervenor-plaintiff.

Roland B. Ninomiya, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, Anne L. Weismann, U.S. Dept. of Justice, Civil Division, Washington, DC, Susan M. Demske, Anne L. Weismann, Andrea Newmark, U.S. Dept. of Justice, Civil Division, Washington, DC, for Department of Commerce, defendant and intervenor-defendant.

## ORDER

LAZZARA, District Judge.

This cause comes before the Court on Defendant's Motion for Summary Judgment (Dkt.18), Plaintiff/Intervenor's Cross–Motion for Summary Judgment (Dkt.22), and Plaintiff's Cross–Motion for Summary Judgment (Dkt.24).

### Statement of Case and Factual Background

Times Publishing Company ("The Times") and Media General Operations, Inc. d/b/a The Tampa Tribune ("The Tribune"), bring this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to require Defendant, the United States Department of Commerce ("the Department") to release certain information. Specifically, the Times and the Tribune seek review of the Department's refusal to release its records, for the years 1996, 1997, 1998, and 1999, showing the identities of persons or entities who were in those years granted licenses to export goods or services to the Republic of Cuba and the nature of the goods or services licensed for export.[1]

The Department contends that the records requested are confidential under 5 U.S.C. § 552(b)(3) (commonly referred to as FOIA's "Exemption 3"). This provision exempts from FOIA's mandatory information disclosure rule matters which are:

> specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). As the statutory basis for its refusal to disclose the requested information, the Department cites Section 12(c) of the Export Administration Act of 1979 ("EAA"). Section 12(c) provides, in relevant part:

> information obtained for the purpose of consideration of, or concerning, license applications under this Act shall be withheld from public disclosure unless the release of such information is determined by the Secretary to be in the national interest.

50 App.U.S.C. § 2411(c)(1). The Department characterizes the information requested by the Times and the Tribune as "concerning export license applications." Neither The Times nor The Tribune challenges this characterization.

---

1. Both the Times and the Tribune's FOIA requests specifically excluded materials relating to license applications, related correspondence, or internal Board of Export Administration and Commerce Department documents discussing the license process. (*See* Dkt. 4, Ex. A; Dkt. 13, Ex. 1.)

The Times and the Tribune do contend, however, that because the EAA expired on August 20, 1994, Section 12(c) cannot constitute a valid exemption from disclosure, under Section 552(b)(3)(B). The Department, on the other hand, maintains that the President has provided for the EAA's continuing effectiveness through Executive Order No. 12,924, 59 Fed.Reg. 43437 (August 19, 1994). The Department adds that Congress sanctioned presidential continuation of the export control system under the EAA by enacting the International Emergency Economic Powers Act ("the IEEPA"), 50 U.S.C. § 1702, and the Trading With the Enemy Act ("the TWEA"), 50 App.U.S.C. § 5(b).

### Standard of Review

■ The Freedom of Information Act represents a general philosophy of full disclosure of government information unless that information is exempted under clearly delineated statutory language. See U.S. Dept. of Defense v. Federal Labor Rel. Auth., 510 U.S. 487, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994). FOIA is to be broadly construed in favor of disclosure and its exemptions must be construed narrowly. Anderson v. Department of Health and Human Services, 907 F.2d 936 (10th Cir. 1990); see also Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 473 (2d Cir.1999). All doubts must be resolved in favor of disclosure. Massey v. Federal Bureau of Investigation, 3 F.3d 620 (2nd Cir.1993). FOIA serves to ensure that Congress, and not administrative agencies, determines what government information is confidential. Irons & Sears v. Dann, 606 F.2d 1215, 1220 (D.C.Cir.1979), cert. denied, 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980); see also Association of Retired R.R. Workers v. United States R.R. Retirement Board, 830 F.2d 331, 333 (D.C.Cir.1987).

■ A government agency that seeks to withhold information bears the burden of proving that at least one of nine exemptions applies. Nadler v. U.S. Dept. of Justice, 955 F.2d 1479 (11th Cir.1992). The government sustains its burden of justify-

ing nondisclosure of records under FOIA through the submission of affidavits or declarations that describe the withheld material with reasonable specificity and explain why the records fall within the claimed FOIA exemptions. See Summers v. Department of Justice, 140 F.3d 1077, 1080 (D.C.Cir.1998). Accordingly, documents held by federal government agencies are presumptively subject to disclosure unless, after de novo review of the government's decision not to do so, the court finds the agency has carried the burden of proving the withheld materials are within an exemption. Currie v. Internal Revenue Service, 704 F.2d 523 (11th Cir.1983). Where the pleadings and those affidavits or declarations show that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law, summary judgment is the appropriate mechanism for resolving FOIA disclosure disputes. Alyeska Pipeline Serv. Co. v. U.S. EPA, 856 F.2d 309, 313–14 (D.C.Cir.1988).

### Discussion

■ The plain language of FOIA's Exemption 3 requires that there be in existence at the time of the information request, a "statute", aside from Section 552(b), providing for confidentiality of the information at issue. A statute, by definition, is "an act of the legislature declaring, commanding, or prohibiting something." See Black's Law Dictionary at 1410 (6th ed.1990). The Times and the Tribune argue that no qualifying withholding "statute" existed when they submitted their FOIA requests to the Department because the Export Administration Act of 1979 (the "EAA") expired on August, 20, 1994. The Court agrees with this argument. And although the Department urges that the effectiveness of the EAA continues by way of executive order, an "executive order" simply is not a "statute" and therefore, does not satisfy the requirements of Exemption 3. An executive order is "an order

or regulation issued by the President or some administrative authority under his direction...." *See id.* at 569. *See also Washington Post Co. v. U.S. Dept. of Health and Human Services,* 690 F.2d 252, 256 & 273 (D.C.Cir.1982).

In addition, the executive order on which the Department relies in this case, specifically qualified the continuation of EAA with the words "to the extent permitted by law." It says, in relevant part, *"to the extent permitted by law,* the provisions of [EAA] ... shall be carried out under this order so as to continue in full force and effect...." *See* Executive Order No. 12,924, 59 Fed.Reg. 43437 (August 19, 1994) (emphasis added). Thus, it appears that continuation of Section 12(c), the records provision of the EAA, via executive order is not "permitted by law" inasmuch as FOIA's Exemption 3 requires an affirmative act of Congress (i.e. a statute specifically allowing the requested information to be withheld). Mere inaction by Congress does not satisfy Exemption 3. *See Founding Church of Scientology v. Bell,* 603 F.2d 945, 952 (D.C.Cir.1979). Finally, neither the TWEA nor the IEEPA, which the Department asserts authorize Presidential continuation of the export control system under the EAA by way of executive order, actually re-enacted the EAA. In fact, the IEEPA was actually enacted prior to the enactment of the EAA, in 1977.

The only case cited by the Department which actually holds that Section 12(c), the records provision of the EAA, remains in effect by executive order notwithstanding the expiration of the statute itself is *Armstrong v. Executive Office of the President,* 89–142 (July 28, 1995), *vacated,* 97 F.3d 575 (D.C.Cir.1996).[2] (*See* Dkt. 18, Exs. 4 & 5.) This Court declines to follow the vacated, unpublished district court opinion in *Armstrong* in light of the explicit Au-

gust 20, 1994, termination date of the EAA and the equally clear holding in *Church of Scientology*[3] that only an affirmative act of Congress will allow secrecy under FOIA Exemption 3. The Department's reliance upon an expired statute and non-statutory authorities as the basis for withholding the requested export information is entirely inconsistent with the requirements of narrow construction and full disclosure of FOIA. Consequently, the requested materials must be released.

Accordingly, it is ordered:

1. That Defendant's, United States Department of Commerce, Motion for Summary Judgment (Dkt.18) is **DENIED.**

2. That Plaintiff/Intervenor's, Media General Operations, Inc. d/b/a The Tampa Tribune, Cross–Motion for Summary Judgment (Dkt.22) is **GRANTED.**

3. That Plaintiff's, Times Publishing Company, Cross–Motion for Summary Judgment (Dkt.24) is **GRANTED.**

4. The Clerk is directed to enter final judgment in favor of Plaintiff, Times Publishing Company, and Plaintiff/Intervenor, Media General Operations, Inc. d/b/a The Tampa Tribune.

5. The Clerk shall terminate any pending motions and close this case.

---

2. *Armstrong* was ultimately vacated as moot when the Department of Commerce released all of the requested records to the plaintiff.

3. 603 F.2d 945, 952 (D.C.Cir.1979).